# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff**

  **v.**                          **Case No. 07-CR-123**

**ROBERT EDWARDS**
    **Defendant.**

## ORDER

On March 10, 2009, I sentenced defendant Robert Edwards to 9 months in prison after revoking his supervised release. He took no appeal but one month later filed a motion for modification of the sentence based on his conditions of confinement, which I dismissed.

Defendant has now filed another motion for sentence modification. In the motion, defendant cites four cases discussing motions for sentence reduction based on substantial assistance under Fed. R. Crim. P. 35(b), United States v. Speed, 53 F.3d 643 (4th Cir. 1995) (indicating that Rule 35(b) motions are based on post-sentencing assistance); United States v. Jenkins, 105 F.3d 411 (8th Cir. 1997) (indicating that a plea agreement to file a Rule 35(b) motion is enforceable), and U.S.S.G. § 5K1.1/18 U.S.C. § 3553(e), United States v. Auld, 321 F.3d 861 (9th Cir. 2003) (indicating that reduction below mandatory minimum may be based only on the defendant's substantial assistance); United States v. Torres, 251 F.3d 138 (3d Cir. 2001) (affirming 1 month reduction based on substantial assistance). The motion concludes: "Defendant requests 60 days reduction to Rule 35." (Motion [R. 717] at 1.)

As I indicated in denying defendant's previous motion, district courts generally lack authority to modify or reduce a prison sentence after expiration of the time limits set forth in

Fed. R. Crim. P. 35(a). See Romandine v. United States, 206 F.3d 731, 735-36 (7th Cir. 2000). Rule 35(b) permits the court to reduce a sentence based on post-sentencing substantial assistance, but only on the motion of the government. See United States v. Richardson, 558 F.3d 680, 681 (7th Cir. 2009). No such motion has been filed here. Defendant does not allege that the government is withholding such a motion based on some unconstitutional or illegitimate reason, see Wade v. United States, 504 U.S. 181, 185-86 (1992), or in contravention of an enforceable promise to file, see United States v. Lezine, 166 F.3d 895, 900-01 (7th Cir. 1999). Rather, he asks me to reduce the sentence by 60 days on his motion, which I lack jurisdiction to do.

**THEREFORE, IT IS ORDERED** that defendant's motion for modification of sentence (R. 717) is **DISMISSED**.[1]

Dated at Milwaukee, Wisconsin, this 25th day of September, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] Because defendant does not allege any constitutional violation based on the government's failure to file a Rule 35(b) motion, I decline to re-characterize his motion as one under 28 U.S.C. § 2255. Cf. United States. v. Bankhead, No. 01-CR-203 & 02-CR-36, 2009 WL 1628849 (E.D. Wis. Jun. 10, 2009)).

2